UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTHONY BAILEY, )<br>)<br>Defendant. ) | No. 1:97-cr-00118-RLY-MG-3 |

**ENTRY ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Anthony Bailey moves for compassionate release under § 603 of the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), and requests oral argument. For the reasons explained below, Mr. Bailey's motion for compassionate release is **GRANTED**, and his request for oral argument is **DENIED**.

**I.    Background**

On December 30, 1997, Mr. Bailey was charged in a six-count superseding indictment with one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 3); two counts of carjacking, in violation of 18 U.S.C. § 2119(1) and (2) (Counts 1 and 5); and three counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2, 4, and 6). Dkt. 1-2 at 1–2. On February 28, 1998, a jury convicted Mr. Bailey on all counts charged in the superseding indictment. The sentence consisted of the following: 188 months for the robbery count, concurrent 180-month sentences for the carjacking counts, a consecutive 60-month sentence for the first § 924(c)

count, and two consecutive 240-month sentences for the remaining § 924(c) counts. *Id.* Therefore, he was sentenced to 728 months[1] in prison. Additionally, he was sentenced to 5 years of supervised release. Dkt. 1-2 at 2–3.

At the time of Mr. Bailey's sentencing, the aggregate sentence of 540 months that he received for the § 924(c) counts was mandatory by statute. *See* 18 U.S.C. § 924(c)(1) (eff. Oct. 11, 1996 to Nov. 12, 1998). But under current law, Mr. Bailey would not face enhanced penalties on Counts 4 and 6, and his mandatory minimum sentence would now be 60 months, rather than 240 months, on each of Counts 4 and 6.

On November 13, 2023, Mr. Bailey filed the present motion for compassionate release. He argues that he establishes extraordinary and compelling reasons for compassionate release because (1) a change in the law has created a disparity between the sentence he is serving and the sentence he would receive today; (2) he has undergone substantial rehabilitation while incarcerated; (3) he suffers from a number of medical conditions for which he is not receiving proper medical care in the BOP and has been subjected to harsh prison conditions due to the COVID-19 pandemic; and (4) a combination of factors warrants a sentence reduction.

**II.   Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to

---

[1] The Bureau of Prisons ("BOP") lists Mr. Bailey's anticipated release date (with good-conduct time included) as March 28, 2050. https://www.bop.gov/inmateloc/ (last visited May 15, 2024).

the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). As the party moving for a sentence reduction, Mr. Bailey bears the burden of establishing that such reasons exist and justify a sentence reduction. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

  A. **Extraordinary and Compelling Reasons**

In support of his motion, Mr. Bailey relies on § 1B1.13(b)(6) of the United States Sentencing Guidelines as an "extraordinary and compelling reason" for sentence reduction. This section, promulgated by the United States Sentencing Commission and enacted in 2023, provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The court recognizes that the Seventh Circuit has held that nonretroactive changes in the law are not "extraordinary and compelling circumstances" that can form the basis of a sentence reduction. *United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021); *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022); *United States v. King*, 40 F.4th 594 (7th Cir. 2022). The Government argues the Court should disregard the Sentencing

3

Commission's Guideline and follow *Thacker* and its progeny. For the reasons set forth below, the Court is not inclined to do so.

First, *Thacker* was premised on the fact that the Sentencing Commission had not yet released guidelines on prisoner-initiated compassionate release motions. *Thacker*, 4 F.4th 573–74. Now that the Commission has issued new guidelines applicable to defendant-filed compassionate release motions, the reasoning in *Thacker* has been substantially undermined. Moreover, in a recent decision, the Seventh Circuit noted that the Sentencing Commission might amend its policy in the future, and it has, of course, done so. *United States v. Williams*, 65 F. 4th 343, 349 (7th Cir. 2023) ("The issue is teed up, and either the Commission or the Court (we hope) will address it soon."). For these reasons, the court will apply § 1B1.13(b)(6) to Mr. Bailey's circumstances.

The Sentencing Commission's Guideline is directly applicable to this case. There is no dispute that Mr. Bailey has served more than 10 years of his sentence. *See* dkt. 1-2 at 1. The court also finds that Mr. Bailey's sentence of 728 months is unusually long. Under current law, Mr. Bailey would face mandatory minimum sentences of 60 months on each of the firearm charges in Counts 2, 4, and 6, rather than 60 months on Count 2, 240 months on Count 4, and 240 months on Count 6. This results in a 30-year disparity between Mr. Bailey's sentence in 1998 and the sentence he would receive today. Dkt. 177 at 20; dkt. 175 at 14. The Court finds this is an extraordinary and compelling reason justifying early release.[2]

---

[2] Given the court's ruling, the court need not address Mr. Bailey's other asserted grounds for a sentence reduction.

**B.     Section 3553(a) Factors**

The Court has also considered whether the factors[3] set forth in 18 U.S.C. § 3553(a) should be weighed differently based on a change in circumstances. Under § 3553(a), there are seven factors the court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the kinds of sentence and the sentencing range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

The Court finds that the need to avoid sentence disparities coupled with the fact that Mr. Bailey has already served more than 26 years of his sentence weigh in his favor. Mr. Bailey did commit serious crimes. However, he is now nearly 60 years old and represents that he has completed numerous programs during his incarceration which have had a positive effect on his character. Dkt. 109-1 at 2; Dkt, 177 at 21. The Court further finds Mr. Bailey poses no danger to the community. U.S.S.G. § 1B1.13(a)(2).

In light of these considerations, the court finds that the § 3553(a) factors justify a reduction of Mr. Bailey's sentence. A 368-month sentence is sufficient but no greater than necessary to deter Mr. Bailey from further criminal conduct, reflect the seriousness of his

---

[3] The Government focused its briefing on the legality of § 1B1.13(b)(6) and requested that, if the court were to determine that § 1B1.13(b)(6) is valid, it "would then request leave to address the 18 U.S.C. § 3553(a) factors and the appropriate final sentence in this case." To the extent this is a request for additional briefing, that request is denied.

offense, provide just punishment, promote respect for the law, and to ensure the safety of the public from future crimes.

### III. Conclusion

For the above reasons, the Court **GRANTS** Mr. Bailey's motion for compassionate release, dkt. [157], and **DENIES** his request for oral argument. The Court **ORDERS** that Mr. Bailey's sentence be reduced to **368 months**. Mr. Bailey's sentence is amended to 60 months on Count 2 and 60 months on each of Counts 4 and 6 to be served consecutively to each other and all other counts. His total sentence on Counts 2, 4, and 6 is now 180 months, and his sentences on Counts 1, 3, and 5 remain the same (188 months). His 5-year term of supervised release is unchanged. The terms of supervised release stated in the Judgment imposed on May 5, 1998, also remain as previously imposed. *See* Dkt. 1-2.

Because this Order may result in Mr. Bailey's immediate release, this Order is **stayed** for up to 14 days from the date of this Order, to make appropriate travel arrangements and to ensure Mr. Bailey's safe release, if necessary. The BOP shall release Mr. Bailey as soon as appropriate travel arrangements are made and it is safe for Mr. Bailey to travel. There must be no delay in ensuring travel arrangements are made. If more than 14 days are needed to make appropriate travel arrangements and to ensure Mr. Bailey's safe release, the parties shall immediately notify the court and show cause why the stay should be extended. No later than **12:00 p.m. on May 23, 2024**, counsel for the United States is ordered to do the following: (1) transmit the contemporaneously filed AO248 Order to Mr.

Bailey's custodian; and (2) file a notice with the court confirming that transmission of the AO248 Order has occurred.

**IT IS SO ORDERED.**

Date: 5/20/2024

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel